**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANKITKUMAR PATEL,

    Petitioner,

      v.

SAMUEL OLSON, Field Office Director,
Chicago Field Office, Immigration and
Customs Enforcement, and
BRISON SWEARINGEN, Warden, Clay
County (Indiana) Detention Center,

    Respondents.

No. 26 CV 4909

Judge Manish S. Shah

## ORDER

The petition for a writ of habeas corpus [1] is granted. Markwayne Mullin is dismissed as an unnecessary respondent. The government reports that petitioner is currently in the custody of Brison Swearingen, Warden for the Clay County (Indiana) Detention Center. The clerk shall add Swearingen as an additional respondent. The court orders respondents to provide petitioner with a release hearing under 8 U.S.C. § 1226(a) within five days of this order or otherwise release him. The parties shall file a status report confirming compliance with this writ by May 26, 2026.

## STATEMENT

Petitioner Akitkumar Patel, an Indian national, entered the United States without inspection in December 2022 and has a pending application for asylum and for a nonimmigrant visa. [1] ¶¶ 2, 18, 20.* When immigration officials encountered Patel on foot near Lukeville, Arizona, they paroled him into the United States as an alternative to detention. [10-1] at 2–3. Patel's status at the time of his parole was "PWA [present without admission]." [10-1] at 3. On April 29, 2026, the Department of Homeland Security terminated Patel's parole and alleged that he was subject to removal from the United States. [10-2] at 1, 5. Patel was detained upon the revocation of his parole. *See* [1] ¶ 22. He now seeks a writ of habeas corpus to secure his release from detention.

---

* Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

For the reasons stated in *Corona Diaz v. Olson*, No. 25 CV 12141, 2025 WL 3022170, at *1–6 (N.D. Ill. Oct. 29, 2025), I conclude that this court has jurisdiction over the petition (Patel is challenging his continued detention) and exhaustion is not required (it would be futile).

Patel did not present himself for inspection at a port of entry; he was present seven miles west of Lukeville, Arizona. [10-1] at 3. His parole was not for humanitarian reasons or significant public benefit under 8 U.S.C. § 1182(d)(5)(A); it was a conditional parole based on detention capacity or time-in-custody constraints at the Tuscon Coordination Center. [10-1] at 2; *see* 8 U.S.C. § 1226(a)(2)(B) (providing for release on conditional parole). When the government terminated his parole, Patel was restored to the status that he had at the time of parole. 8 C.F.R. § 212.5(e)(2)(i). That status was "present without admission." [10-1] at 3.

For the reasons I gave in *Corona Diaz*, 2025 WL 3022170, at *4–6, upon restoration to his status at the time of his parole, Patel was not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because he was not "seeking admission." Under 8 U.S.C. § 1226(a), the default procedures for individuals present in the United States apply to Patel, including discretionary detention and an opportunity to seek release. *See Corona Diaz*, 2025 WL 3022170, at *4–6. Courts are divided on this issue, but I am persuaded by Judge Lee's opinion in *Castañon-Nava v. U.S. Dep't of Homeland Security*, No. 25-3050, 2026 WL 1223250, at *9–21 (7th Cir. May 5, 2026); *see also Barbosa da Cunha v. Freden,* No. 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden Miami FDC*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026).

Patel's detention under § 1225(b)(2)(A) is contrary to the Immigration and Nationality Act. Without a hearing authorized by § 1226(a), he is in custody in violation of the laws of the United States. I grant his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).

ENTER:

Manish S. Shah
United States District Judge

Date: May 18, 2026

2